UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELE LAWRENCE,

    Plaintiff,

vs.                                    Case No.: 8:12-cv-00733-T-27EAJ

AMERI-TECH PROPERTY
MANAGEMENT, INC. et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion for Summary Judgment (Dkt. 18), to which Plaintiff has responded in opposition (Dkt. 19). Upon consideration, the motion (Dkt. 18) is DENIED.

### INTRODUCTION

Michele Lawrence alleges that Defendants failed to pay her minimum wage and failed to compensate her for overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207. Dkt. 1 at 7. Defendants move for summary judgment, arguing that Lawrence is exempt from the FLSA as an employee employed in a bona fide administrative capacity. *See* 29 U.S.C. § 213(a)(1). Lawrence responds that Defendants waived the affirmative defense of administrative capacity and, in any event, Defendants have failed to establish the exemption.

### *Summary Judgment Standard*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual

1

dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)). Once the movant adequately supports its motion, the burden shifts to the nonmoving party to show that specific facts exist that raise a genuine issue for trial. *Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir. 2010). The nonmoving party must "go beyond the pleadings," and designate specific facts showing that there is a genuine dispute. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). A mere scintilla of evidence in the form of conclusory allegations, legal conclusions, or evidence that is merely colorable or not significantly probative of a disputed fact cannot satisfy a party's burden. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991); *Kernel Records*, 694 F.3d at 1301.

The evidence presented must be viewed in the light most favorable to the nonmoving party. *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 658 (11th Cir. 2012). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true.

*Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). "Although all justifiable inferences are to be drawn in favor of the nonmoving party," *Baldwin Cnty. v. Purcell*, 971 F.2d 1558, 1563-64 (11th Cir. 1992), "inferences based upon speculation are not reasonable." *Marshall v. City of Cape Coral*, 797 F.2d 1555, 1559 (11th Cir. 1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine dispute over a material fact, the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1998).

### *Fair Labor Standards Act and Exemptions*

The FLSA "is to be interpreted liberally with exceptions narrowly construed against those seeking to assert them." *Wirtz v. Jernigan*, 405 F.2d 155, 158 (5th Cir. 1968)[1] (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Mitchell v. Ky. Finance Co.*, 359 U.S. 290, 295–96 (1959)); *see A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945). Employers have the burden of affirmatively demonstrating the essential conditions of any exemptions. *Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823, 827 (11th Cir. 1988).

### DISCUSSION

### *Waiver*

Lawrence argues that Defendants waived the administrative capacity exemption as an affirmative defense by failing to raise it in their answer. Generally, if a party fails to raise an affirmative defense in the pleadings, the party waives its right to the defense at trial. *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988). "However, the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses." *Id.* Framed

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

3

by this liberal standard, Defendants' Answer adequately raises the affirmative defense of administrative capacity, referencing the exemption in the First, Sixth, and Seventh Affirmative Defenses. Dkt. 4 at 8-9. Even if Defendants had not adequately pled the defense, the lack of prejudice to Lawrence and the focus on the exemption in discovery would preclude waiver. *See Hassan*, 842 F.2d at 263; *Edwards v. Fulton Cnty., Ga.*, No. 11-14751, 2013 WL 563157, at *5 (11th Cir. Feb. 15, 2013) (employer did not waive affirmative defense by failing to raise it in the answer because the employee was not prejudiced, the defense was raised in the motion for summary judgment, and discovery focused on the issue).

### *Administrative Capacity Exemption*

The minimum wage and overtime requirements of the FLSA do not apply to "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). An employee qualifies for the administrative capacity exemption if (1) the employee is compensated "on a salary or fee basis at a rate of not less than $455 per week"; (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a); *Viola v. Comprehensive Health Mgmt., Inc.*, 441 Fed. Appx. 660, 662 (11th Cir. 2011).

Lawrence's main argument against application of the exemption is that she was not paid a guaranteed salary basis of $455 per week. An employee is paid on a "salary basis" if she "regularly receives each pay period . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Employers may provide additional

4

compensation, such as a commission, without violating the salary basis requirement "if the employment arrangement also includes a *guarantee* of at least the minimum weekly-required amount paid on a salary basis." 29 C.F.R. § 541.604(a) (emphasis added). Similarly, an employee who receives a percentage of the sales or profits of the employer meets the salary basis test "if the employment arrangement also includes a guarantee of at least $455 each week paid on a salary basis." *Id.*

It is undisputed that Lawrence's compensation had two tiers. *See* Dkt. 18-2 ¶ 3; Dkt. 19-1 at 15:14. First, she was paid a salary bi-weekly for services provided as the property manager of Crystal Bay Condominium Association. Dkt. 18-2 ¶ 3; Dkt. 19-1 at 15:22-24. For working at Crystal Bay, she was paid $15 an hour for up to 20 hours per week, for a salary basis of $300 per week. Dkt. 19-4 ¶ 7; Dkt. 24-1 at 98:6-15. Second, Lawrence was paid "commissions" based on a percentage of each contract with other condominium associations that she managed for Defendants. Dkt. 19-4 ¶ 8; Dkt. 24-1 at 98:9-15; Dkt. 19-1 at 15:15-21. For example, in October 2010, Lawrence earned total gross pay of $2,883.00. Dkt. 19-4 ¶ 20; Dkt. 18-2 ¶ 4. That amount included $1,200 in salary at a rate of $300 per week, plus $1,683.00 in commissions. Dkt. 19-4 ¶ 20.

Lawrence declares that the "commissions" were never guaranteed, but fluctuated based "on the quantity and quality" of her work. Dkt. 19-4 ¶ 27. Further, she testified at her deposition that she was never paid a salary of $455 per week and that Defendants did not guarantee a comparable wage. Dkt. 24-1 at 96:3-9. In contrast, Defendants present evidence that Lawrence was always compensated in excess of $455 per week. *See* Dkt. 18-2 ¶ 4. Lawrence's declaration and admissions support this evidence. *See* Dkt. 19-4 ¶¶ 20-27; Dkt. 27-1 ¶ 26 (admitting that she received "an average of at least

$455 per week in compensation").[2] Moreover, the nature of Lawrence's commissions as percentages of the contracts managed implies that her commission pay was steady and did not fluctuate based on the "quantity and quality" of her work.

Although it is undisputed that Lawrence was paid in excess of $455 per week by Defendants, taking the evidence in the light most favorable to Lawrence, a disputed issue of material fact remains as to whether Lawrence was *guaranteed* a salary basis of $455 per week. Employers can meet the salary basis test by paying salary plus commissions only if "the employment arrangement also includes a *guarantee* of at least the minimum weekly-required amount." 29 C.F.R. § 541.604(a) (emphasis added).

Defendants' undisputed evidence showing Lawrence was paid in excess of $455 per week on "average" – $300 base salary plus her commissions – does not satisfy the FLSA's requirement of a *guaranteed*, non-deductible salary basis in excess of $455 per week. *See Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) ("[A]s long as there is a non-deductible minimum, additional compensation on top of the non-deductible salary is permissible."); *Chao v. Vidtape, Inc.*, 66 Fed. Appx. 261, 264 (2d Cir. 2003) ("[O]nly wages accrued 'on a salary basis' count toward the calculation . . . .").[3] Because a disputed issue of fact remains concerning whether Lawrence was guaranteed a salary basis of at least $455 per week, Defendants have not overcome their stringent burden of affirmatively demonstrating that Lawrence was employed in a bona fide administrative capacity. *See Brock*, 835 F.2d at 827 (employers have the burden of affirmatively demonstrating the

---

[2]This request for admission has been deemed admitted by Lawrence's failure to respond. *See* Fed. R. Civ. P. 36(a)(3).

[3]*See also Oetringer v. First Residential Mortgage Network, Inc.*, No. 3:06CV-381-H, 2007 WL 2990921, at * 2 (W.D. Ky. Oct. 11, 2007) ("An employer can still satisfy the salary basis test if an employee receives a commission in addition to a base salary, so long as there is a guaranteed, non-deductible minimum." (citing *Hogan*, 361 F.3d at 625-26)).

essential conditions of any exemptions).

There also remains a disputed issue of material fact as to whether Lawrence is an "employee" of Defendants Lawrence testified that she received both a Form 1099 and a Form W-2 from Defendants during the relevant time period, indicating that she was treated both as an independent contractor and as an employee. Dkt. 24-1 at 97:3-10. Moreover, Janice Sofia avers that Lawrence "was employed as an independent contractor by the Defendants" (Dkt. 18-2 ¶ 3). And Defendants deny that they were Lawrence's "employer" (Dkt. 19-2). In sum, the evidence of record is contradictory as to whether Lawrence was an "employee," and Defendants have therefore failed to sustain their burden of affirmatively demonstrating that Lawrence was an exempt administrative employee.[4] See 29 U.S.C. § 203(e)(1) ("Except as provided in paragraphs (2), (3), and (4), the term 'employee' means any individual employed by an employer.").

Accordingly, Defendants' Motion for Summary Judgment (Dkt. 18) is DENIED.

**DONE AND ORDERED** this 12th day of July, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[4] Because Defendants have failed to demonstrate that Lawrence satisfies the salary basis and "employee" requirements of the administrative capacity exemption, whether her "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers" need not be addressed.